Sealed warrants

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 99-2
JANUARY 23, 2000 SESSION

FILED
JAN 25 2001

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:01-00019-01
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

RON WEIR -01
BRANDON WEIR -02
H.O. CAMPSEY -03
IVA MAE FOUTY -04
BRAD HOLLEY -05
JUAN WALKER -06
JASON DAVIS -07

**I N D I C T M E N T**

The Grand Jury Charges:

**COUNT ONE**

From in or about June, 1999, to in or about January, 2001, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants RON WEIR, BRANDON WEIR, H.O. CAMPSEY, IVA MAE FOUTY, BRAD HOLLEY, JUAN WALKER, and JASON DAVIS, and other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute 100 grams or more of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 846.

**COUNT TWO**

On or about October 19, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE**

On or about November 1, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR**

On or about November 4, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JASON DAVIS, aided and abetted by another person whose identity is known to the Grand Jury, knowingly and intentionally possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE**

On or about November 10, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant H.O. CAMPSEY knowingly and intentionally possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT SIX**

1. On or about the 10th day of November, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant H.O. CAMPSEY did knowingly possess a Davis Industries Model D32.32 caliber Derringer, Serial Number 551514, in and affecting commerce.

2. At the time defendant H.O. CAMPSEY possessed the aforesaid firearm, he had been convicted a crime, punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20); that is, convicted on or about March 29, 1996, of Attempted Burglary-Second Degree, in violation of 21 Oklahoma Statute Annotated § 1435, in the District Court of Pontotoc County, Oklahoma.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**COUNT SEVEN**

On or about November 14, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**FORFEITURE FOR DRUG VIOLATIONS**

In accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendants BRAD HOLLEY and JUAN WALKER of a violation of Subchapter I of Title 21, United States Code, as set forth in Count One of this Indictment, the defendants shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense in Count One, including but not limited to the sum of $8,811, more or less, in United States currency in that such sum in aggregate constitutes the gross proceeds derived by the defendants from the conspiracy during the period alleged in Count One, for which the defendants are liable.

A True Bill.

David D. Young
Foreperson

REBECCA A. BETTS
United States Attorney

By: Samuel D. Marsh
Assistant United States Attorney

FORM DBD-34
JUN. 85

No. ____________

# UNITED STATES DISTRICT COURT

SOUTHERN District of WEST VIRGINIA

CHARLESTON Division

THE UNITED STATES OF AMERICA

*vs.*

RON WEIR
BRANDON WEIR
H.O. CAMPSEY
IVA MAE FOUTY
BRAD HOLLEY
JUAN WALKER
JASON DAVIS

# INDICTMENT

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

*A true bill.*

David D. Young [signature]

*Foreman*

*Filed in open court this* ________________ *day,*

*of* ___________ *A.D. 19* ______

______________________________________ *Clerk*

*Bail, $* ____________